**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No.  3:15cr88** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **JEMEL LAQUAN KING,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

In the instant criminal matter, the United States of America charges Defendant Jemel Laquan King (hereinafter "King") with crimes arising from an armed bank robbery on November 26, 2014, in Lackawanna County, Pennsylvania.  Before the court for disposition is King's motion to dismiss Count 3–aiding and abetting the use, carrying and brandishing of a firearm in violation of 18 U.S.C. §§ 924(c) and 2, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).  (Doc. 59).  Because the government's indictment is facially sufficient, the court will deny King's motion.

**Background**

A Grand Jury in the Middle District of Pennsylvania indicted King on May 12, 2015.  (Doc. 1, Indictment).  The indictment charges King with: Count 1–conspiracy to commit armed bank robbery, 18 U.S.C. § 371; Count 2–armed bank robbery, aid and abet, 18 U.S.C. §§ 2113(d) and 2; Count 3–the using, carrying and brandishing a firearm in relation to a crime

of violence, aid and abet, 18 U.S.C. §§ 924(c) and 2.

On March 30, 2016, King filed a motion to dismiss Count 3 of the indictment under Federal Rule of Criminal Procedure 12(b), arguing the recent Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015), requires this count's dismissal.[1]  The parties then briefed the issues, bringing the case to its present posture.

**Legal Standard**

King filed a motion to dismiss Count 3 of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).[2]  The court tests the sufficiency of the indictment's allegations when considering a Rule 12(b)(3) motion.  Specifically, the Third Circuit Court of Appeals has determined that a pretrial motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3) "allows a district court to review the sufficiency of the

_____

[1]  The United States Supreme Court has recently determined that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process.  Johnson v. United States, 135 S. Ct. 2551, 2557 (2015).  As explained more fully below, a jury may find King guilty under 18 U.S.C. § 924(c)(3)(A), committing a crime of violence.  Any Johnson argument is thus not ripe until after the government has presented its case.

[2]  Federal law provides that a defendant may file a pretrial motion asserting a defect in the indictment, including failure to state an offense. FED. R. CRIM. P. 12(b)(3)(B)(v).

2

government's **pleadings**," but it is "not a permissible vehicle for addressing the sufficiency of the government's **evidence**." United States v. Huet, 665 F.3d 588, 594-95 (3d Cir. 2012) (emphasis added) (citation omitted).

Indeed, a district court is prohibited from examining the sufficiency of the government's evidence in a pretrial motion to dismiss because "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." Id. Thus, a district court considering a pretrial motion to dismiss is "limited to determining whether, assuming all of [the facts alleged in the indictment] as true, a jury could find that the defendant committed the offense for which he was charged." Id. at 596.

**Discussion**

Count 3 of the Indictment charges King with aiding and abetting the use, carrying and brandishing of a firearm in relation to a crime of violence in contravention of 18 U.S.C. §§ 924(c) and 2.[3]  King moves to dismiss

---

[3]  Federal law criminalizes the conduct of "any person who, during and in relation to any crime of violence . . . uses or carries a firearm."  18 U.S.C. § 924(c)(1)(A).  Here, the government alleges Futrell used or carried a firearm during and in relation to a  crime of violence–armed bank robbery–and King aided and abetted Futrell in using or carrying a firearm during the armed bank robbery.  The government also alleges Futrell brandished a firearm, that is, a Colt .45, during and in relation to a crime of

Count 3, contending that the Government cannot demonstrate that bank robbery is a crime of violence.  Specifically, King argues bank robbery may be committed by intimidation, not by the use force and violence.  The government opposes King's motion, asserting King has been charged with **armed** bank robbery, which alleges that King intentionally assaulted or placed the lives of victims in jeopardy by the use of a dangerous weapon. As such, **armed** bank robbery is a crime of violence according to the government.  At this stage of the litigation, we agree with the government.

King's motion challenges the legal sufficiency of the indictment. Federal Rule of Criminal Procedure 7(c)(1) requires only that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."  FED. R. CRIM. P. 7(c)(1). "It is well-established that '[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of

---

violence–armed bank robbery–and that King aided and abetted in Futrell brandishing a firearm.  The brandishing of a firearm during and in relation to a crime of violence, armed bank robbery, is a separate aggravated offense of carrying or using a firearm.  United States v. Lewis, 802 F.3d 449, 453 (3d Cir. 2015) (citing Alleyne v. United States,–U.S.–, 133 S. Ct. 2151, 2162 (2013).  If the firearm is brandished, the minimum term of imprisonment is increased from five to seven years.  18 U.S.C. § 924 (c)(1)(A)(ii).

the charge on the merits.'" <u>United States v. Vitillo</u>, 490 F.3d 314, 320 (3d

Cir. 2007) (quoting <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956)).

An indictment is facially sufficient if it:

> (1) contains the elements of the offense intended to be
> charged, (2) sufficiently apprises the defendant of what he
> must be prepared to meet, and (3) allows the defendant to
> show with accuracy to what extent he may plead a former
> acquittal or conviction in the event of a subsequent
> prosecution.

<u>Huet</u>,665 F.3d at 595 (quoting <u>United States v. Vitillo</u>, 490 F.3d 314, 321

(3d Cir. 2007)).  The Third Circuit Court of Appeals has explained that, in

general, "an indictment will satisfy these requirements where it informs the

defendant of the statute he is charged with violating, lists the elements of a

violation under the statute, and specifies the time period during which the

violations occurred." <u>Id.</u>

Assuming all of the facts alleged in the indictment are true, the

indictment meets each of these three requirements pertaining to the

firearms charge stated in Count 3: it charged King with aiding and abetting

the use or carrying of a firearm, it listed the elements of that statute,

including committing a crime of violence,[4] armed bank robbery,[5] and set

---

[4] Federal law defines a "crime of violence" as any felony that: (A) has
as an element the use, attempted use, or threatened use of physical force
against the person or property of another, or (B) that by its nature, involves
a substantial risk that physical force against the person or property of

forth a time period during which the alleged violations occurred. (Doc. 1,

Indictment).  Thus, under <u>Huet</u>, the indictment is facially valid and King's

motion to dismiss Count 3 will be denied.

_____

another may be used in the course of committing the offense."  18 U.S.C.
§ 924(c)(3).

[5]  Federal law defines bank robbery as follows:
Whoever, by force and violence, or by intimidation, takes, or
attempts to take, from the person or presence of another, or obtains
or attempts to obtain by extortion any property or money or any
other thing of value belonging to, or in the care, custody, control,
management, or possession of, any bank, credit union, or any
savings and loan association . . . shall be . . . imprisoned not more
than twenty years.
18 U.S.C. § 2113(a).
    In addition to the elements of bank robbery, the statutory definition of
armed bank robbery includes an assaultive element, and provides that:
Whoever, in committing, or in attempting to commit, any offense
defined in subsections (a) and (b) of this section, assaults any
person, or puts in jeopardy the life of any person by the use of a
dangerous weapon or device, shall be fined under this title or
imprisoned not more than twenty-five years, or both.
18 U.S.C. § 2113(d).
    Thus, even if bank robbery were not already a crime of violence
under the first paragraph of subsection (a), armed bank robbery pursuant
to subsection (d) would nevertheless qualify.  <u>See</u> <u>United States v. Manna</u>,
92 F. App'x 880, 886-87 (3d Cir. 2004) (affirming an 18 U.S.C. § 924(c)
conviction predicated on armed bank robbery under 18 U.S.C. § 2113(d)).

**Conclusion**

For the above-stated reasons, the court will deny King's motion to dismiss Count 3 from the indictment.  An appropriate order follows.

Date:   04/01/2016                          s/ James M. Munley
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**